JOSIAH H. CARTER *vs.* JOHN C. PEAK & another.

Suffolk. Nov. 14, 1884. — Jan. 13, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

Section 18 of the Pub. Sts. *c.* 126, giving a right of action against the grantor in a deed to an assignee of the grantee, for breach of a covenant against incumbrances, where the incumbrance "appears of record," applies only where the incumbrance is of record in the registry of deeds; and a lien for unpaid taxes which only appears in the records of a city or town is not within the statute.

CONTRACT for breach of the covenant against incumbrances, contained in a deed of land from the defendants to Edgar A. Hallett. The breach relied on was the taxes assessed, May 1, 1881, on the premises conveyed. Answer, a general denial, and that Hallett agreed to pay these taxes. Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions, in substance as follows:

The plaintiff put in evidence the deed of the defendants to Hallett, dated August 13, 1881. This deed contained the usual covenants against all incumbrances.

Against the objection of the defendants, certain deeds were admitted in evidence, which showed that the premises, through several mesne conveyances, were conveyed to the plaintiff on November 27, 1882. This last conveyance was "subject to all unpaid taxes."

It was admitted that the taxes assessed upon said premises on May 1, 1881, were unpaid at the time of the delivery of the deed to Hallett, and that they were paid by the plaintiff on May 12, 1883.

The judge ruled, that the action could be maintained; and that no defence was disclosed by the evidence; and directed a verdict for the plaintiff for the amount of said taxes and interest thereon. The defendants alleged exceptions.

*D. C. Linscott*, for the defendants.

*B. E. Perry*, for the plaintiff.

MORTON, C. J. The lien for the taxes assessed in 1881 was an incumbrance upon the estate existing at the time the defendant gave his deed to Hallett. The covenant in that deed against incumbrances was broken as soon as it was made, and a right of action for the breach immediately accrued in favor of Hallett. At common law this right of action is not assignable. This rule, if applicable, prevents the plaintiff from maintaining this action. *Clark* v. *Swift*, 3 Met. 390.

But he contends that he is entitled to maintain it under our statute, which provides that "whoever conveys real estate by deed or mortgage containing a covenant that it is free from all incumbrances when an incumbrance appears of record to exist thereon, whether known or unknown to him, shall be liable in an action of contract to the grantee, his heirs, executor, administrator, successors, or assigns, for all damages sustained in removing the same." Pub. Sts. *c.* 126, § 18. Gen. Sts. *c.* 89, § 17.

By our system, the registry of deeds is the proper place for recording deeds or instruments conveying land, or any interest therein, and when the Legislature speaks of such deed or instrument as being recorded, or as appearing of record, the fair

inference, unless controlled by the context, is that it refers to the registry of deeds, the place where any person examining a title would look for such records. The provision we are considering was first passed in 1855. St. 1855, *c.* 177, § 3. The phraseology there used was "when by the records incumbrances appear to exist thereon." The words "by the records" point more definitely to the registry of deeds, the place where the law requires the records by which an incumbrance would appear to be kept. We are of opinion that by these words, and by the words "appears of record," used in the General Statutes and in the Public Statutes, and intended to be equivalent words, the Legislature meant the records in the registry of deeds; and that the section we are considering does not include the case where incumbrances appear to exist by the records of a court, or of a city or town. It follows that the plaintiff cannot maintain this action. *Exceptions sustained.*