EDWIN W. F. DYER *vs.* WILBUR T. SCOTT.

Franklin. September 16, 1925. — October 15, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Contract,* Construction, Covenant against encumbrance, Performance and breach. *Deed,* Covenant against encumbrance. *Adverse Possession. Executor and Administrator.* *Words,* "Encumbrance," "Public record."

The word "encumbrance" as used in G. L. c. 184, § 22, has reference to something that encumbers or burdens a legal title, and the statute was not intended to require a grantor who can show a good title by adverse possession to pay his grantee or assigns the expense incurred in making a good title of record.

The words "public record" in G. L. c. 184, § 22, include records in the registries of probate; and if, in the chain of title of a grantee in a deed containing a covenant that the land is free from all encumbrances, there are owners whose heirs made the conveyance but upon whose estates administration had never been taken out, the grantor is liable under the statute for damages sustained in removing the record defects so caused.

CONTRACT under G. L. c. 184, § 22, for breach of a covenant against encumbrances in a deed from the defendant to the plaintiff's grantor. Writ dated April 17, 1924.

The plaintiff, on motion by the defendant, filed a bill of particulars setting forth three defects.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence is described in the opinion. The plaintiff excepted to instructions given by the judge relating to the first and second defects described in his bill of particulars. The jury found specially for the defendant as to the first two defects and for the plaintiff as to the third defect in the sum of $13.49. The plaintiff alleged exceptions.

*H. Sherman,* for the plaintiff.

*A. S. McLaud & P. H. Ball,* for the defendant.

SANDERSON, J. This is an action of contract for breach of covenant of warranty against an encumbrance in a deed from the defendant to the plaintiff's grantor, brought under G. L. c. 184, § 22, which provides that "Whoever conveys real

property by a deed or mortgage which contains a covenant that it is free from all encumbrances shall, if it appears by a public record that an actual or apparent encumbrance, known or unknown to him, exists thereon, be liable in an action of contract to the grantee, his heirs, executors, administrators, successors or assigns, for all damages sustained in removing the same."

One of the breaches relied on is that there was no deed of record conveying a part of the property to the defendant's grantor. The plaintiff sought to recover damages for trouble and expense in finding and recording a paper purporting to be a conveyance of this property from an executor who had no power under a will or from the Probate Court to make a sale, and it further appeared that there was no seal on the document. There was evidence sufficient to justify the finding that the defendant through his own possession and that of his predecessors in title had gained title to the property by prescription, and the jury must have so found because, in reply to the question by the trial judge, "Was there a breach of warranty in respect of the conveyance . . . ?" they answered "No." Upon this state of facts the plaintiff cannot be said to have suffered damage in removing an encumbrance actual or apparent. The act was not intended to require a grantor who can show a good title by adverse possession to pay his grantee or assigns the expense incurred in making a good title of record. The word has reference to something that encumbers or burdens a legal title. *Prescott* v. *Trueman*, 4 Mass. 628. The exception relating to this matter must be overruled.

Another breach relied on by the plaintiff is that in the defendant's chain of title there were owners whose heirs made the conveyance but upon whose estates administration had never been taken out. The plaintiff incurred expense in causing administrators of these estates to be appointed. In the deed from the heirs reference was made to the source of the grantor's title. The trial judge ruled in substance that an unsettled estate is an encumbrance which does not appear by a public record because it does not appear of record in the registry of deeds. In *Carter* v. *Peak*, 138 Mass.

439, this court decided that the statute then in force, Pub. Sts. c. 126, § 18, did not permit the assignee of the grantee to recover from a previous grantor damages incurred in removing from the property a lien for taxes which appeared only in the records of the city or town, stating that in using the words "appears of record" the Legislature meant record in the registry of deeds. By St. 1897, c. 439, § 1, the Legislature defined the words "public records" in terms broad enough to include records of the Probate Court. This provision was in substance reënacted in R. L. c. 35, § 5, now G. L. c. 4, § 7, cl. 26. In St. 1897, c. 439, § 1, above referred to, it was provided that the words "public records" when used in that or in any other act, should, unless manifestly inconsistent with the context, have the meaning therein given. In each reënactment provisions of somewhat similar import have appeared. When the section of the statute referred to in *Carter* v. *Peak, supra,* was enacted as part of the Revised Laws, the word "public" had been inserted so that a right of action was given if the encumbrance appeared by a "public record." No contention was made at the trial or in argument that a charge on real estate for the payment of debts of a deceased owner was not an apparent encumbrance. It need not appear that there were debts for which his estate would be liable. *Chauncey* v. *Leominster,* 172 Mass. 340. It has been held that an inchoate right of dower is a breach of covenant against an encumbrance. *Shearer* v. *Ranger,* 22 Pick. 447. The Legislature in making the change in the phraseology of the statute must have had in mind the statutory definition of "public record," and intended by the amendment to give the words that meaning. It follows that the apparent encumbrance disclosed by the records of the Probate Court appeared by a public record within the meaning of this statute.

The exception to the ruling that the encumbrance must appear of record in the registry of deeds must be sustained.

*Exceptions sustained.*