THOMAS H. O'NEILL & another *vs.* MARY J. SULLIVAN & another.

Norfolk. December 11, 1925. — May 27, 1926.

Present: BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To enjoin threatened interference with plaintiff's title to real estate.

The interest of the holder of a life estate in land under a will, terminable upon his ceasing to occupy the premises or to pay the rent stipulated in the will, cannot be affected or lessened by any conveyance which the remainderman may make; and therefore the life tenant cannot maintain a bill in equity against the remainderman, in which he alleges merely that the defendant threatens and intends "to sell the premises without regard to the rights of" the plaintiff, has "put the premises in the hands of real estate agents for sale," meaning to execute the deeds thereof to any purchaser whom he may approve, and that such conveyance would constitute a cloud upon the title and would oust the plaintiff from the premises and nullify all right which he had in the premises by virtue of the will; and in which the prayers are that the plaintiff's rights be determined and that the defendant be permanently enjoined "from selling or disposing of said property except subject to" the plaintiff's rights.

BILL IN EQUITY, filed in the Superior Court on June 3, 1925.

Facts alleged in the bill are stated in the opinion. The averments as to threats by the defendants to sell the real estate in question were that "the said two defendants now threaten and intend to sell the said premises without regard to the rights of your petitioners therein. They have put the premises in the hands of real estate agents for sale and mean to execute the deeds thereof to any purchaser whom they may approve. Such conveyance will constitute a cloud upon the title and will oust your petitioners from the

premises and nullify all rights which they have on the premises by virtue of the will." Besides prayers for a preliminary injunction and for general relief, the plaintiffs prayed "That the rights of your petitioners in said premises be determined and a permanent injunction issue restraining the defendants from selling or disposing of said property except subject to the rights of your petitioners so long as they continue to pay their rent."

The defendants demurred for want of equity. The demurrers were heard by *Weed,* J., and were sustained, and, the plaintiffs not electing to amend, a final decree was entered dismissing the bill. The plaintiffs appealed.

*H. W. Ogden,* for the plaintiffs.

*G. H. McDermott,* (*J. E. Nally* with him,) for the defendants.

WAIT, J. The plaintiffs, under the will of their son William H. O'Neill, received a life estate in the premises at 66 Jamaica Road, Brookline, terminable by ceasing to occupy them or to pay the stipulated rent. The fee in the premises, subject to this right in the plaintiffs, was given to the female defendant, the widow of William H. and executrix of his will, but now the wife of the male defendant.

The plaintiffs seek to restrain the defendants from selling the property, and appeal from an order of the Superior Court sustaining a demurrer to their bill and a decree dismissing the bill made after they had declined to amend.

The defendants cannot affect or lessen by any conveyance which they may make the estate of the plaintiffs which was granted by the will. The plaintiffs' title, such as it is, is matter of record. G. L. c. 4, § 7, cl. 26. *Dyer* v. *Scott,* 253 Mass. 430. The allegation of the bill that the "defendants now threaten and intend to sell the said premises without regard to the rights of your petitioners therein" does not state a ground for interference by equity. No facts are set out which indicate impending wrongful action or even a matured purpose to injure on the part of the defendants. The demurrer was sustained rightly. *Garst* v. *Hall & Lyon Co.* 179 Mass. 588, 590. *Commonwealth Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73.

*Decree affirmed.*