*Northern District*

No. 5505

## GERALD J. TRAMONTOZZI
v.
## ROCCO D'AMICIS

(July 19, 1961)

*Present:* Brooks, P. J., Eno & Northrup, JJ.

· Case tried to *Parker, J.*, in the Third District Court of Eastern Middlesex. No. 254 of 1959.

*Eno, J.* This is an action of contract. The plaintiff's declaration is in two counts, the first being on an account annexed for $500.00 paid to the defendant by the plaintiff under a contract for the sale of a house numbered 107 Adams Street, Lexington, Mass. The second count, added by amendment August 3, 1960, alleges an agreement by the plaintiff and the defendant dated September 13, 1958 for the purchase by the plaintiff of land and build-

ings at 107 Adams Street, Lexington, and that the agreement was that the defendant would provide a good and clear record and marketable title, that time was of the essence of the contract, and if the defendant was unable to give title or make conveyance as set forth above, any payments made under the agreement would be refunded. It is then alleged that the defendant was unable to provide a good and marketable title within the time provided by the agreement, and that the plaintiff has requested the return of his $500 deposit on the agreement which the defendant refused to do. The plaintiff claims $500.00, together with interest thereon from the date of the writ. The answer of the defendant was a general denial.

There was evidence at the trial from which the Court found in part the following facts:

"On 13 September 1958, the plaintiff and his wife (Buyer) and the defendant (seller) entered into a written agreement to buy and sell land and buildings at 107 Adams Street, Lexington for a price of $24,500. On that date, the plaintiff made a deposit of $500.00. The premises were to be conveyed 12 November 1959 at the Registry of Deeds or the office of a bank attorney, 'by a good and sufficient deed conveying a good and clear record and marketable title thereto free from encumbrances except provisions of local zoning laws, taxes for the current year and except also: easements, restrictions, or rights of way of records if any there be'.

"It was further provided 'Either party may have thirty days extension to cure any defect found in title. Time is of the essence of this contract. If the seller shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease.'

"It is also provided in the agreement that, 'If buyer is unable to pass papers on or before November 12, 1958, their deposit is to be forfeited.'

"In 1913, the owner of the premises covered by this agreement, died and in the probate, 25 March 1913 of his estate, an inventory was filed in the Middlesex Probate Registry which listed the premises in Schedule 'B' with the following notation 'estate on Adams Street subject to the following mortgages, Mrs. C. G. Wiswell, $3,000.00; Mrs. E. S. Smith, $1600.00; Cambridge Savings Bank, $400.00'. There was no evidence as to the date of the filing of this inventory.

"No mortgage of $1600.00 of the property to Mrs. E. S. Smith was ever recorded in the District of the Middlesex Registry of Deeds covering the Town of Lexington. The heirs of the owner, referred to in the paragraph above, conveyed the fee to one Burnham, and following mesne conveyances, the defendant acquired the title. The only question raised by the parties is the effect of the entry of the notation in the inventory to wit: 'subject to the following mortgages . . . Mrs. E. S. Smith $1600.00'."

The defendant seasonably filed requests for rulings on which the Court ruled as follows:

1. A mortgage referred to in the probate inventory, filed in the Registry of Probate in connection with the probate of the estate of the record owner of the real estate covered by said mortgage, is not by reason of such reference a recorded mortgage within the meaning of General Laws, c. 183, Sec. 4. (Recording Statute)

*"Granted, but this case is covered by the provision in G. L., c. 183, Sec. 4, dealing with actual notice. (see Findings & Rulings supra.)"*

2. A purchaser of real estate with no actual knowledge of a mortgage not recorded in the Registry of Deeds but referred to in the probate inventory of an estate of a prior owner of the real estate is, so far as the unrecorded mortgage is concerned, a Bona Fide purchaser, and does not hold subject to said unrecorded mortgage.

*"Denied as statement of law, and further denied on grounds that on facts presented, the defendant cannot give a 'clear record'."*

3. One who holds real estate as a Bona Fide purchaser may convey title free and clear of an unrecorded mortgage, even though the purchaser may have actual knowledge of the unrecorded mortgage.

*"Granted."*

4. Reference to a mortgage outstanding against certain real estate, the reference being noted on the probate inventory of the estate of the record owner, said inventory being filed in the Probate Registry for the county where the real estate is located, does not constitute actual notice so as to

bind a purchaser who in fact does not know of such mortgage.

"*Denied. (see Ruling on Request 2 supra).*"

5. The words "actual notice" in the recording statute (G. L., c. 183 Sec. 4) mean actual and not constructive notice.

"*Granted.*"

6. The words "actual notice" in G. L., c. 183 Sec. 4 are to be strictly construed.

"*Granted.*"

7. The words "actual notice" in G. L., c. 183 Sec. 4 mean something more than knowledge of facts which ought to be known on inquiry.

"*Granted.*"

8. The words "actual notice" in G. L., c. 183 Sec. 4 require notice or knowledge of the unrecorded instrument.

"*Granted, but notice or knowledge is a question of fact. Further in this case the issue is, — was the record furnished a clear record. (see Findings and Rulings supra).*"

The Court found for the plaintiff on both counts and assessed damages in the amount of $500.00 with "one execution only".

The defendant claims to be aggrieved by the denial of his requests 2 and 4; by the granting of his requests 1 and 8 "with a reservation"; and also by the Court's following special findings:

"The burden is on the defendant to show the time of the recording of the inventory since he is the party claiming under the last recorded deed and it is an affirmative defense."

"Since he has failed to so establish the date

of filing of the inventory, it is the presumption that it has been filed within the three months of the probate of the estate as is required by law and so was on file when conveyance was made by the heirs to the defendant's predecessor in title."

"The Court finds that there is actual notice of a previous mortgage and there is no evidence to show that it is not outstanding."

and by the finding for the plaintiff.

The report states that it contains all the evidence material to the question reported.

The question to be decided is whether or not a reference to an unrecorded mortgage of the premises mentioned only in an inventory filed in a probate court in the estate of a deceased former owner is sufficient notice to make the title to the property defective so that a buyer may recover a deposit made in an agreement for the purchase of that property.

It does not appear when the inventory was actually filed in the probate court. This prior owner, however, died in 1913, or 45 years prior to the making of this agreement of sale. The estate was probated in 1913 and it is logical to assume that the inventory was filed within three months of the appointment of the legal representative.

In passing on the question of a defective title in a suit for specific performance of a contract to sell real estate the Court said in *Jeffries v. Jeffries,* 117 Mass. 184, at page 187:

"It is not necessary that . . . (the buyer) should satisfy the court that the title is defective so that he ought to prevail at law; it is enough if it appears to be subject to adverse claims which are of such a nature as may reasonably be expected to expose the purchaser to controversy to maintain his title, or rights incident thereto. . . .

"He ought not to be subjected against his agreement or consent, to the necessity of litigation to remove even that which is only a cloud upon his title."

A "mere possibility" of a defect is not sufficient to relieve a purchaser of his liability under his contract, the doubt in the title "must be reasonable, and such as would cause a prudent man to pause and hesitate before investing his money". *Ryder v. Garden Estates, Inc.,* 329 Mass. 10, 12. It is agreed that the mortgage not having been recorded is valid only as to "persons having actual notice of it." G. L., (Ter. Ed.) c. 183, §4.

Is the reference, then, to the mortgage in the inventory a sufficient notice of an unrecorded conveyance preventing the defendant from giving the plaintiff a good and sufficient deed conveying a good and clear record and marketable title thereto, free from encumbrances?

In the case of *Parker v. Osgood,* 3 Allen 487, at 490, the Court raised the question but did not decide it, because the inventory filed in the estate then involved only stated: "Building and land, $4000.", the Court say-

ing: "If any form of an inventory could have been competent evidence to prove actual notice to third persons, the present one fails to furnish such evidence."

In a later case, however, the Court in interpreting St. 1897, c. 439, §1 (as amended to that time), and now G. L. (Ter. Ed.) c. 4, §7, clause 26, said that:

"the apparent encumbrance disclosed by the records of the Probate Court appeared by a public record within the meaning of this statute" *Dyer v. Scott,* 253 Mass. 430.

It could be found therefore that since 1913 the purchasers of the property had notice of the unrecorded mortgage.

This question was one of fact. "It is not necessary to prove positive knowledge . . . . Intelligible information of a fact, either verbally or in writing, and coming from a source which a party ought to give heed to, is generally considered as notice of it, except in cases where particular forms are necessary. *Hughes v. Williams,* 218 Mass. 448, 451; *Shanahan v. Chandler,* 218 Mass. 441, 443, 444.

The trial judge could and did find as a fact that "there is actual notice of a previous mortgage and there is no evidence to show that it is not outstanding."

Having thus found that the defendant had actual notice of this unrecorded mortgage, the defendant could not provide "a good and clear record and marketable title" as required

by the agreement, and the plaintiff was entitled to the return of his deposit.

We are constrained to find that there was no prejudicial error in the rulings of the trial judge and the report is to be dismissed.

E. M. Doran of Cambridge, for the Plaintiff.
W. E. Hayes of Boston, for the Defendant.