### JEROME S. HALLETT *vs.* CHARLES C. TAYLOR.

Franklin.    September 18, 1900. — October 17, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Breach of Written Agreement as to Conveyance of Farm and Mortgage back — Parol Evidence — Damages — Instructions.*

In this case, which was an action for breach of a written agreement, the contention of the defendant that because he agreed to deliver to the plaintiff " a deed of said farm, including the stock and tools belonging thereto," the word "farm" in another clause relative to "a mortgage back on said farm" includes stock and tools as well as real estate, is unsound; and there is no such ambiguity in the language as opens the door to the introduction of parol evidence to explain the meaning of the provision; and the plaintiff is entitled to recover as damages the difference between the value of the farm, stock, and tools, at the time when he was to have a conveyance of them, and the price which he was then to pay; and in estimating the damages the jury are rightly permitted to consider how much had been paid by the plaintiff, and how much remained to be paid for the property covered by the contract.

CONTRACT, for breach of a written agreement. The declaration alleged that the plaintiff and the defendant entered into a written agreement under seal, a copy of which was annexed.

" That thereafter the plaintiff entered upon and occupied the farm mentioned in said agreement, made repairs upon the buildings thereon, and greatly improved said farm, increased its capacity for producing crops, and increased and improved the stock and tools thereon, and paid out large sums of money for the purposes aforesaid; that the plaintiff, further, well and truly performed all of his obligations to the defendant under said agreement, except the obligation to pay to the defendant a portion of the sum of five hundred dollars which said agreement provided should be paid on or before April 1st 1896, and that the plaintiff on the 30th day of March A. D. 1896 was ready and desirous to pay to the defendant the balance required to complete said payment of five hundred dollars before April 1st, and offered and tendered payment thereof to the defendant, and requested and demanded of the defendant a deed of said farm, including the stock and tools belonging thereto, as provided in said agreement, and tendered to the defendant and offered to deliver to him a note and mortgage upon said farm as required by said agreement; that the defendant refused to accept the money so offered and tendered to him by the plaintiff, and the note and mortgage offered and tendered to him by the plaintiff, and refused to convey to the plaintiff said farm with the stock and tools thereto belonging, and refused to make a fair and equitable adjustment of the affairs between the plaintiff and defendant; that the plaintiff left said farm after an ejectment execution was issued against him; that the defendant has received and accepted the benefit of the plaintiff's occupation of said farm, and his labor and money expended in the improvement of said farm, buildings, stock and tools; and, though often requested, has refused and still refuses to pay the plaintiff therefor, and to convey said farm, stock and tools to the plaintiff as provided by said agreement, all to the great damage of the plaintiff."

At the trial in the Superior Court, before *Hardy*, J., the jury returned a verdict for the plaintiff in the sum of $562; and the defendant alleged exceptions, which appear in the opinion and in a note by the reporter.

*J. B. O'Donnell*, for the defendant.

*W. A. Davenport*, (*F. L. Greene* with him,) for the plaintiff.

KNOWLTON, J.   On November 26, 1894, the plaintiff and the defendant entered into a contract in writing, under seal, for the sale of the defendant's farm and certain personal property upon it to the plaintiff for $4,000, for which the plaintiff was to pay $500 in cash on or before April 1, 1896, and give his personal note for the balance, "payable in yearly instalments of five hundred dollars each, with interest at five per cent, secured by a mortgage back on said farm." The plaintiff entered into possession, and there was no breach of the contract on either side until on March 30, 1896, a dispute arose between them relative to the construction of the contract. The defendant refused to give a deed of the farm unless the plaintiff would give a mortgage back of the stock and tools, as well as of the farm, to secure the note for the balance. He contended that, because the defendant agreed to deliver to the plaintiff "a deed of said farm, including the stock and tools belonging thereto," the word "farm" in the clause first above quoted in regard to the mortgage to be given included stock and tools as well as real estate. We are of opinion that the presiding justice rightly ruled against this contention. The requirement of the mortgage relates to the farm alone. The deed of the farm was to include also "the stock and tools belonging thereto," thus marking a distinction between the deed and the mortgage. A mortgage of real estate is one thing; a mortgage of personal property is a different thing. One of these instruments is required to be recorded in one place, and the other in a different place. The rights of the parties are enforced differently under the different instruments. There are reasons why a mortgage of a farm would be much more likely to be given and taken as security in ordinary cases than a mortgage of the stock and tools on a farm. We see no good reason for giving the contract the construction for which the defendant contends. Nor is there any such ambiguity in the language as opens the door to the introduction of parol evidence to explain the meaning of this provision.

Under this construction of the contract the defendant concedes that he is liable for a breach of it, and the only other questions in the case relate to the measure of damages. The plaintiff was entitled to recover as damages the difference between the value of the farm, stock, and tools at the time when

he was to have a conveyance of them, and the price which he was then to pay. *Old Colony Railroad* v. *Evans*, 6 Gray, 25. *Tufts* v. *Bennett*, 163 Mass. 398. This was the rule given to the jury by the presiding judge, and we think there was no such ambiguity or uncertainty in the instructions as to leave the jury in doubt about his meaning.*

In estimating the damages the jury were rightly permitted to consider how much had been paid by the plaintiff, and how much remained to be paid for the property covered by the contract. The jury did not allow the plaintiff the money paid as an amount had and received by the defendant to the plaintiff's use. They merely considered it in estimating his damages from the defendant's failure to make the deed as he had agreed to make it.　　　　　　　　　　　*Exceptions overruled.*

* It appeared that the plaintiff had paid to the defendant $170 on account. The contention of the defendant appears from the following statements upon his brief. The judge used the following language, in part:

"In arriving at a just conclusion on this, you have first to consider, what was the value of the property in November, 1894? What was the value of the real estate, the farm, and what was the value of the stock and tools? We have no difference between the parties with reference to the tools, because the tools are agreed to be of the same value in 1894 as in 1896. The main question arises with reference to the condition of the stock and the farm. Now, if you find that the stock and the farm were only of the value of three thousand dollars at the time when the contract was made, in November, 1894, and the property had not been increased in value between 1894 and 1896, — no matter with how much energy the plaintiff may have worked, no matter how much time he spent in conducting that farm — if the property had not increased in value at all he would not be entitled to recover here anything more than nominal damages, even though this defendant may have broken the agreement. . . . I instructed you, as has been read here by the stenographer in your presence, with reference to what would be the measure of damages at that time. That is, if you find there was any excess in the value of this property over and above the thirty-eight hundred and thirty dollars which was to be paid on April 1st, 1896, the plaintiff would be entitled to recover that excess."

From the charge of the court the jury might well have understood that they were permitted to find as damages the whole value of the several individual items of improvement; and also all that the farm, stock, and tools were worth over and above the $3,830 on April 1, 1896, thus allowing full value for each item, and also allowing full value for increased value of the farm as a whole. This was double damages, because the different items made up the increased value of the farm and stock as a whole.