OLD COLONY TRUST COMPANY *vs.* ELIHU CHAUNCEY & another, trustees, & others.

Suffolk.    December 4, 5, 1912 — April 1, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Contract*, Construction. *Equity Jurisdiction*, Specific performance.

Where a contract in writing for the sale of certain land and its conveyance by a deed " conveying a good and clear title thereto " also contains a provision, that "if the vendor shall be unable to give title or to make conveyance as above stipulated, any payment made under this agreement shall be refunded and all other obligations of either party hereunto shall cease and this agreement shall be void without recourse to either party," and the title to the land proves to be defective as to a certain undivided interest, the proposed purchaser under the contract, or his assignee, cannot maintain a suit in equity against the vendor to compel the vendor to acquire the undivided interest and convey a perfected title to the plaintiff or to convey the imperfect title to the land subject to the outstanding claim for a price correspondingly diminished, the defendant having agreed to convey the land only in case he was able to give a good title.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 6, 1912, and amended as of February 27, 1912, by the Old Colony Trust Company, alleged to be the assignee by virtue of an instrument of assignment of all the rights of Charles W. Whittier of Milton under a contract in writing between Whittier and the defendants dated January 21, 1911, relating to the purchase and

sale of a parcel of land with the buildings thereon numbered 48 and 50 on Temple Place in Boston, to enforce the rights of Whittier as purchaser under the contract in the manner stated in the opinion.

The defendants demurred to the bill as amended, and the case was heard upon the bill and demurrers by *Hammond*, J., who made an interlocutory decree sustaining the demurrers and a final decree dismissing the bill. From both of these decrees the plaintiff appealed.

*B. E. Eames*, (*P. D. Turner* with him,) for the plaintiff.

*R. B. Stone*, for the defendant Elihu Chauncey and others.

*S. S. FitzGerald*, for the defendant Elizabeth P. FitzGerald.

RUGG, C. J. This is a bill in equity to enforce the rights alleged to be secured to the plaintiff under a written agreement. The plaintiff is averred to be the assignee of a contract between one Charles W. Whittier and the defendants, for the sale by them to him of certain real estate. The contract, wherein the defendants are described as the "vendor," and Whittier (to whose rights the plaintiff has succeeded) as the "vendee," contained this clause: "if the vendor shall be unable to give title or to make conveyance as above stipulated, any payment made under this agreement shall be refunded and all other obligations of either party hereunto shall cease and this agreement shall be void without recourse to either party, but the acceptance of a deed and possession by the vendee or any person in the vendee's behalf shall be deemed to be a full performance and discharge hereof. If the vendee shall fail to fulfil his part of this agreement, any payment so made shall be forfeited and become the property of the vendor." The contract provided also that the premises were to be conveyed "by a good and sufficient deed or deeds . . . conveying a good and clear title thereto free from all incumbrances" except a certain lease. The bill further avers that there is a defect in the title of the defendants in one sixth undivided interest in the premises arising out of the execution of a power under a will upon which title to a part of the estate depends, that the parties claiming said one sixth undivided interest are willing to release to the defendants, but not to the plaintiff, all their interest for a specified sum, that the plaintiff is ready to accept conveyance of the land provided the defendants will purchase the rights averred to exist

in other persons, and that it is also ready to accept conveyance
with suitable deduction for the alleged cloud upon the title. The
prayers are for conveyance with such deduction and for other
relief. The defendants demur for want of equity, and because the
provisions of the contract are inconsistent with the maintenance
of the bill and the relief sought.

The case stated by the bill is not that of a tender by the plaintiff
and offer to complete the purchase and refusal to convey by the
defendants. The plaintiff by its allegations has not put itself
in position to secure conveyance, if the title of the defendants is
good. Its bill is based upon the theory that the defendants have
not a perfect title, and hence cannot perform their part of the
contract.

The rights of the plaintiff depend wholly upon the interpreta-
tion of the contract. It must be read as a whole, and all its lan-
guage given a reasonable effect. It is not an absolute and unquali-
fied agreement by the one party to sell and by the other to buy
real estate with a good and sufficient title. It contains the stipu-
lation quoted which governs the rights of the respective parties
in the event that the defendants should be unable to give a good
title. This clause means that if it turns out that without fault on
the part of the defendants subsequent to the execution of the
contract they have a defective title, then, after refunding payments
made, all obligations of both parties shall cease. The language is
plain and unequivocal. It does not make the duties and respon-
sibilities of either party in that event depend upon the option of
the other, but by apt language puts an end to the binding force
of the contract as respects either party. Such a contract is not
unreasonable, and it establishes important rights and duties.
A land owner might be willing to sell only upon the assumption
that his title was good, and prefer to keep it if any cloud upon it
was disclosed, rather than to be at the expense of removing it,
while a prospective purchaser might desire to agree to buy upon
precisely these terms. If it had been the intention of the parties
to make the obligation to convey or make good defects in title
turn upon any other event than the quality of the owner's title,
it would have been simple to express it. The allegation that those
who hold the outstanding interest in the real estate are willing
to sell their share for $50,000 is irrelevant. The defendants did

not by their contract agree to extinguish or purchase the interests of others in the land, but only to convey by their own deed provided they were able to pass good title thereby. It is of no consequence whether the price asked is reasonable or not. The complete answer is that the tenor of the contract does not require the extinguishment of outstanding defects.

It is argued that the clause in question is one of which the purchaser alone can take advantage, and *Hunt* v. *Smith,* 139 Ill. 296, is relied upon as an authority. It is not necessary to inquire whether this case is distinguishable. In any event, we are of opinion, for the reasons before stated, that the contract in the case at bar contains no such limitation. Its express terms provide for its termination if the owners of the land are unable according to their rights at its date to convey a good title. When parties have provided definitely for the determination of their rights upon the happening of a given contingency, there is no reason why their agreement should not be enforced. *Schwab* v. *Baremore,* 95 Minn. 295. *Pierce* v. *Signor,* 131 Wis. 621.

It becomes unnecessary to examine the nature of the title of the defendants.

*Decree affirmed with costs.*