PHILLIPS DENNETT *vs.* NORWOOD HOUSING ASSOCIATION, INC.

Norfolk. February 16, 1922. — June 15, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Jurisdiction,* Specific performance. *Contract,* Construction, Performance and breach. *Equity Pleading and Practice,* Parties; Decree: assent to form of.

Time is not of the essence of a contract to buy and sell land unless its provisions expressly so provide.

A suit in equity against a corporation, which was begun on November 26, 1920, for the specific performance of a contract dated April 1, 1919, and at the hearing of which it appeared that the parties, after as well as before the litigation began, made efforts to adjust their differences which proved fruitless because of friction among the officers and managers of the defendant leading to divergent views and a policy of more or less inaction, cannot be defeated if

the only reference to time in the contract is in a clause stating, "Papers to be passed on or about May 1, 1919."

Where, in a bill in equity for specific performance of a contract to sell land, it is alleged that the plaintiff "has always been and is now ready and able to perform said agreement on his part, fully and specifically in accordance with its terms," and that the defendant, although requested, "has failed and refused and still refuses to do so," and it appears that the defendant's failure to perform was not attributable to any refusal of the plaintiff to pay or tender the stipulated price, an objection of lack of tender does not go to the jurisdiction.

In a suit of the character above described, it appeared that, both at the time when the agreement was made and when the suit was brought, the land was subject to a mortgage. The agreement did not mention the mortgage. The defendant in its answer did not raise any question as to the mortgagee being a party to the suit and assented to the form of a final decree granting the plaintiff relief. The defendant, appealing from the decree, in this court for the first time raised the question of nonjoinder of the mortgagee. *Held,* that the mortgagee could not be deprived of any of his rights by the decree and that his nonjoinder as a defendant was not ground for a reversal of the decree.

In a suit in equity against a corporation, begun in November, 1920, for specific performance of a contract in writing dated April 1, 1919, for the sale of a parcel of real estate, it appeared that the contract provided that the defendant agreed to sell and the plaintiff to buy the real estate for a stipulated price and also contained a provision, "This transfer is to be made subject to the ability of the" defendant "to give said" plaintiff "a clear and satisfactory title, free from all encumbrances. Papers to be passed on or about May 1, 1919." It contained no reference to a mortgage. At the time when the agreement was made and when the suit was brought, the land, with other land owned by the defendant, was subject to a mortgage and the defendant in its answer alleged that, when the contract was made and until November, 1919, no release from the mortgage could be obtained; that thereafter for a time a release could be obtained only on payment to the mortgagee of the full purchase price, but that, when the answer was filed, a release could be obtained for $500 less than the purchase price. In an amended answer filed on June 13, 1921, the defendant alleged in substance that it appeared that, by reason of certain conduct of its president, at that time the property could be released "only in such manner as is provided in" the mortgage "for releases therefrom." At the hearing the defendant offered no evidence to control the allegations of its answer, and failed to offer any evidence that the mortgage encumbrance could not be removed by the application of the purchase money. A decree was entered ordering specific performance and containing no reference to the mortgage. *Held,* that

(1) The quoted portion of the contract bound the defendant, if it could do so, to convey to the plaintiff a title which was clear and satisfactory;

(2) While the plaintiff voluntarily could have accepted a conveyance of whatever title the defendant had, with or without abatement of compensation, since the bill called for nothing less than a marketable title, the defendant was bound to give such marketable title if the encumbrance could be removed by a money payment;

(3) The mere fact, that when the bill was filed a mortgage encumbrance existed which the defendant had not removed or was unable immediately to remove unless the purchase money was applied, did not preclude relief;

(4) The defendant had not shown that the encumbrance could not be removed by a money payment;

(5) The questions, whether the decree should have directed the payment of enough of the purchase money to discharge the mortgage, if anything remained due, although the mortgagee was not a party, or whether the plaintiff, if the defendant failed to discharge the mortgage, should be authorized to remove the mortgage and reimburse himself out of the amount unpaid on the purchase price, were not open on the record and were not considered;

(6) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on November 26, 1920, for specific performance of the contract described in the opinion.

In the Superior Court, the suit was heard by *Wait,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence is described in the opinion. By order of the judge, the defendant having stated in writing that it waived notice and did "not care to be heard on the form of the within decree," a final decree was entered that the agreement described in the opinion "be specifically performed and carried into execution," that the defendant within twenty days "execute and deliver to the plaintiff a proper deed of transfer of the estate described in said agreement," and "that the defendant give to the plaintiff at the time of the delivery of said deed peaceful possession of said estate" and pay the plaintiff costs taxed at $30.84. The defendant appealed.

*E. O. Proctor,* for the defendant.

*R. H. Oveson,* for the plaintiff.

BRALEY, J. This is a bill in equity for specific performance by the vendor of the following contract:

"This Agreement made this first day of April, 1919, between the Norwood Housing Association and Phillips Dennett, of Norwood, whereby the said Housing Association agrees to sell and said Dennett to purchase a certain parcel of land situated on the Westerly side of Bond Street in Norwood with the buildings thereon, being numbered 78 on said street, and being the same lot as purchased from Carroll W. Morse, Executor, together with a triangular piece of land in the rear of said lot taken from the Chickering field, so-called, which will give an added depth of not more than 25 feet to the depth of the Bond Street lot on the property line between said lot and property of George H. Morrill.

"The purchase price is to be Ten Thousand Dollars ($10,000.) and the said Dennett agrees to assume the taxes for the year 1918, and also the cost of surveying the plot and making plans of the same.

"This transfer is to be made subject to the ability of the Housing Association to give said Dennett a clear and satisfactory title, free from all encumbrances.

"Papers to be passed on or about May 1, 1919, and the said Housing Association acknowledge receipt of One Hundred Dollars ($100.) hereby to bind the purchase and to be a part of the purchase price.

"Witnesseth our hands and seals this first day of April 1919."

The defendant's original answer, after admitting the execution of the contract by its vice-president, whose authority to bind the corporation has not been raised or argued, admits, "that in April 1919 and for a long time thereafter the corporation was controlled by its then treasurer, Joseph O. Proctor, Jr., and that in November 1919 the control passed from said Joseph O. Proctor, Jr., to the present board of directors representing both the creditors and the stockholders of said corporation, and that upon the assuming of control by the present board of directors said board of directors was informed of the existence of said written paper heretofore referred to. Said board of directors was informed by the president of the corporation who was president in April, 1919, when said paper was signed and is still president of the corporation that said paper was signed contrary to his orders and that the vice-president signing the same had no authority to bind the corporation. The defendant corporation desires to fulfill its legal obligations and does not desire to take advantage of any technicality in its own favor and it has made an effort to reach a compromise with the plaintiff which would be satisfactory to the plaintiff and to the president of the defendant corporation. No such agreement has been found possible.

"Further answering the defendant says that on April 1, 1919, and ever since there has been outstanding a first mortgage upon most of the land owned by the defendant corporation and covering a large portion of the land mentioned in said agreement and that said mortgage was held by the Boston Safe Deposit & Trust Company as trustee, and that releases therefrom could not be

obtained from April 1, 1919 until after control of the corporation had been assumed by the present board of directors in November 1919 and then only upon the payment of the full value of the property released to the holder of the mortgage, but that such release can now be obtained by the payment of $9,500 to said holder of said first mortgage.

"This defendant therefore submits the question of the rights of the plaintiff to the Court and asserts its desire to fulfill any legal obligations which it may be found to have incurred toward the plaintiff."

By an amendment to the answer, filed and allowed on June 13, 1921, the defendant further answered that,

"Since the bringing of the plaintiff's suit and after the filing of defendant's original answer the president of the defendant corporation without the knowledge or consent of the majority of the directors of said corporation has taken such action as to cause the appraisal which had heretofore been made of the property mentioned in the plaintiff's bill of complaint which was covered by said bond mortgage to be withdrawn and has made, or caused to be made, statements to the trustee under said bond mortgage as to the value of said property which has given the impression to said trustee that said property to be released is worth greatly in excess of $9,500 so that at the present time the defendant has no knowledge as to what sum would be required by said trustee under said bond mortgage in order to release said property, and it therefore appears that at the present time said property, so far as covered by said bond mortgage, can be released only in such manner as is provided in said bond mortgage for releases therefrom."

It is settled that unless expressly stipulated time is not of the essence of a contract to buy and sell land, *Mansfield* v. *Wiles,* 221 Mass. 75, 81, 82, and the present suit, which was begun November 26, 1920, cannot be defeated by the clause in the contract that "Papers [were] to be passed on or about May 1, 1919." The parties after as well as before the litigation began made efforts to adjust their differences which the judge could find proved fruitless because of the friction between the officers and managers of the defendant leading to divergent views and a policy of more or less inaction.

A valid contract having been established, it is urged that as no tender nor any offer of payment was made the decree should be reversed.  The bill, however, which was not demurred to, alleges, that the plaintiff "has always been and is now ready and able to perform said agreement on his part, fully and specifically in accordance with its terms," and that the defendant, although requested, "has failed and refused and still refuses to do so." But the failure to convey not being attributable to any refusal of the plaintiff to pay or tender the stipulated price, this objection does not go to the jurisdiction.  *Irvin* v. *Gregory,* 13 Gray, 215, 218.  *Staples* v. *Mullen,* 196 Mass. 132, 133.  *Pearlstein* v. *Novitch,* 239 Mass. 228.  *Telfener* v. *Russ,* 162 U. S. 170.

The nonjoinder as a defendant of the mortgagee, the Boston Safe Deposit and Trust Company, is not a reason for reversal. The defendant did not by its answer, nor at the trial raise this question.  It moreover as shown by the record assented to the form of the decree, which cannot deprive the trust company of any legal rights.  Story Eq. Pl. (8th ed.) §§ 236, 237.

It is also contended that the plaintiff is not entitled to relief because he has no enforceable rights under the contract.  The clause relied on, that "This transfer is to be made subject to the ability of the Housing Association to give said Dennett a clear and satisfactory title, free from all encumbrances," binds the defendant if it can do so to convey a title which is clear and satisfactory to the plaintiff.  The promises were mutual.  If the plaintiff, however, who is not the vendor but the purchaser, was satisfied with such title as the defendant can give, it is bound to convey.  *Hawksley* v. *Outram,* [1892] 3 Ch. 359, 376, 378.  At the date of the agreement the property, apparently with other real estate, was subject to a mortgage to a trust company to secure payment of the defendant's bonded indebtedness.  While as we have said he voluntarily could have accepted a conveyance of whatever title the defendant had, with or without abatement of compensation, *Cashman* v. *Bean,* 226 Mass. 198, 202, and cases there cited, *Horrocks* v. *Rigby,* 9 Ch. D. 180, the bill calls for nothing less than a marketable title.  If the incumbrance could be removed by a money payment, the defendant became bound to make it.  *Dresel* v. *Jordan,* 104 Mass. 407.  The mere fact that a mortgage existed when the bill was filed which the defendant

had not removed, or was immediately unable to remove unless the purchase money was applied, does not preclude relief. *Halsey v. Grant*, 13 Ves. 73. *Oakey v. Cook*, 14 Stew. 350. *Thompson v. Carpenter*, 4 Penn. St. 132. *Guild v. Atchinson, Topeka & Santa Fe Railroad*, 57 Kans. 76. The defendant not only offered no evidence to control its admission that, in so far as the property in question was affected, the mortgage could be discharged by the payment of $9,500, but on evidence of counsel for the creditors of the association, introduced by the plaintiff, the judge could properly find that the interest on the bonds was overdue at the date of the agreement, and that "after calling for bids," the bonds "were paid off," even if the interest, the amount of which does not appear, remained unpaid, and that the defendant had failed to sustain the affirmative averments of the amended answer. The defendant, who alone knew whether the unpaid interest exceeded the purchase price, chose to remain silent. It failed to show that the mortgage could not be removed by the application of the purchase money, and the title under all the circumstances being adequate when the decree was ordered, it is immaterial that it was incomplete when the contract was made, and when the suit was begun. *Harriman v. Tyndale*, 184 Mass. 534. *Dutch Church in Garden Street v. Mott*, 7 Paige, 77, 85.

The questions, whether the decree should have directed the payment of enough of the purchase money to discharge the mortgage, if anything remained due, although the mortgagee is not a party, or whether the plaintiff, if the defendant fails to discharge it, should be authorized to remove the mortgage and reimburse himself out of the amount unpaid on the purchase price, have not been considered. They are not open on the record under the defendant's appeal.

The decree is affirmed with costs.

*Ordered accordingly.*