JOHN P. BUCKLEY *vs.* ANNIE MEER & another.

Suffolk.    October 24, November 25, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Contract,* Construction, Performance and breach, For sale of land. *Equity Jurisdiction,* Specific performance.

An owner of real estate, who agreed in writing to sell and convey it to another, the agreement providing that, if he "shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease," cannot be compelled by a suit in equity to convey the property to the prospective purchaser if, on the day on which the conveyance was to take place according to the agreement, without fault or collusion on his part, the real estate is attached by one claiming a commission for procuring the sale to the prospective purchaser; and this is true, even though the prospective purchaser desires and "requests a conveyance subject to that attachment, without of course assuming any alleged liability of the defendants in reference to which the attachment was made."

Upon the discovery by the parties of the existence of the attachment above described, the owner offered to convey subject to the attachment but the prospective purchaser refused to take such a title.  The owner declined to remove the attachment, but offered to return the $1,000 which the prospective purchaser had paid him as part of the purchase price.  The prospective purchaser in his bill in equity did not seek a return of the $1,000.  Upon an appeal from a decree dismissing the bill, this court ordered that, if the plaintiff within fifteen days from the date of the rescript should file an amendment to his bill praying for a return of the $1,000, a decree might be entered directing such return and otherwise dismissing the bill with costs of appeal to the defendant.

BILL IN EQUITY, filed in the Superior Court on July 7, 1923, seeking specific performance of an agreement in

writing by the defendants to sell and convey real estate to the plaintiff.

In the Superior Court, the suit was heard by *Wait*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence is described in the opinion. By order of the trial judge, there was entered a final decree dismissing the bill. The plaintiff appealed.

*J. N. Clark*, for the plaintiff.

*S. Sigilman*, for the defendants, submitted a brief.

CROSBY, J. This is a suit for specific performance of a contract in writing to convey real estate. The defendants are husband and wife. The female defendant had title to the property and her husband agreed in the contract to join in the deed to be given and to release all right of curtesy and homestead in the premises. The contract is dated February 24, 1923, and, as afterwards changed by mutual agreement of the parties, provided that the premises should be conveyed by the defendants to the plaintiff on or before July 3, 1923, by a good and sufficient quitclaim deed " conveying a good and clear title to the same free from all incumbrances," except a first mortgage of $6,000 held by the Abington National Bank. It was further provided that for such deed the plaintiff agreed to pay the sum of $12,200, of which sum $200 " have been paid, and an additional eight hundred dollars have been paid this day, and five thousand two hundred dollars . . . are to be paid in cash upon the delivery of said deed." The contract also contained the following and other recitals: " No commission is to be paid by the party of the first part." " If the party of the first part [the defendants] shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof."

The case was heard by a judge of the Superior Court who made certain findings of fact and ordered that a decree be entered dismissing the bill. A final decree was so entered and the plaintiff has appealed from that decree.

It appears that on July 3, 1923, the parties were present at the registry of deeds, in accordance with the terms of the agreement, for the purpose of completing the sale. Shortly before noon of that day, one Ryan caused an attachment for $700 to be placed on the premises in an action brought by him in the Municipal Court of the City of Boston, against the defendant Annie Meer, to recover a commission for the sale of the premises to the plaintiff. The defendants offered to convey subject to this attachment, but the plaintiff refused to take title subject thereto; the defendants declined to remove the attachment, but offered to return the $1,000 previously paid by the plaintiff on account of the purchase price, and the plaintiff refused to accept it. The trial judge found that there was no collusion between either party and Ryan; and that both parties were ready to perform the contract except for the attachment. He further found that, " In consequence of the attachment arising subsequent to the contract, and without fault on the part of Mrs. Meer, she was not possessed of that title free from incumbrance she had agreed to convey," and that in these circumstances the plaintiff was not entitled to specific performance.

The plaintiff in his brief states that if he is not entitled to a conveyance of the premises free from the attachment, then he desires " and hereby requests a conveyance subject to that attachment, without of course assuming any alleged liability of the defendants in reference to which the attachment was made," and requests leave to amend his bill accordingly.

The contract provided that the premises were to be conveyed by a quitclaim deed " conveying a good and clear title to the same free from all incumbrances " except a certain mortgage. It also provided that if the owner should be unable to give a good title, any payments made should be refunded, and all other obligations of either party should cease. This agreement properly construed means that if, without fault of the defendants subsequent to the execution of the contract, they are unable to give a good title, then upon refunding the payments made all obligations of both parties are at an end. The case is governed by the decision

in *Old Colony Trust Co.* v. *Chauncey,* 214 Mass. 271. In that case the pertinent language of the contract was very similar to that in the case at bar. It was there said, at page 273, that " Such a contract is not unreasonable, and it establishes important rights and duties. A land owner might be willing to sell only upon the assumption that his title was good, and prefer to keep it if any cloud upon it was disclosed, rather than to be at the expense of removing it, while a prospective purchaser might desire to agree to buy upon precisely these terms. If it had been the intention of the parties to make the obligation to convey or make good defects in title turn upon any other event than the quality of the owner's title, it would have been simple to express it." The fact that the plaintiff is willing to take title subject to the attachment is immaterial and cannot affect the rights of the defendants under the contract, the language of which is clear and unequivocal. *Lewenberg* v. *Johnson,* 224 Mass. 297.

*Dennett* v. *Norwood Housing Association, Inc.* 241 Mass. 516, relied on by the plaintiff, is distinguishable in its facts from those in the case at bar.

Where, as in the present case, the defendants without fault on their part are unable to carry out the contract, and where it appears that the plaintiff, through no fault on his part, is unable to obtain title, he is entitled to have refunded to him the amount which he has paid to the defendants. *Milkman* v. *Ordway,* 106 Mass. 232. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 48. *Rosen* v. *Mayer,* 224 Mass. 494. *Seretto* v. *Schell,* 247 Mass. 173, 177. *Rose* v. *Watson,* 10 H. L. C. 672, 683, 684. *Torrance* v. *Bolton,* L. R. 14 Eq. 124, 135. *Whitbread & Co. Ltd.* v. *Watt,* [1901] 1 Ch. 911, 913. Fry, Spec. Perf. (6th ed.) §§ 1173, 1480, 1492.

If the plaintiff within fifteen days from the date of the rescript shall file an amendment to the bill praying that the sums paid by him under the contract be refunded by the defendants, they are directed within thirty days from the date of the rescript to pay the plaintiff $1,000, the amount received by them under the contract. As thus modified the decree is to be affirmed with costs of the appeal.

*Ordered accordingly.*