HOLBROOK PRESCOTT *vs.* ADELPHIS GERMAIN & another.

Hampshire.    September 20, 1950. — November 8, 1950.

Present: QUA, C.J., LUMMUS, SPALDING, & WILLIAMS, JJ.

*Contract,* For sale of real estate, Construction.

The obligation to convey of the seller under a written contract for sale
and purchase of a farm terminated at the time specified for performance
where it was provided in the contract that the "deed . . . [should] be
free and clear of all encumbrances or the deposit money . . . [should]
be returned to purchaser" and it appeared that at the time of the
making of the contract and thereafter until the time specified for per-
formance the farm was encumbered by a mortgage and a right of way;
the purchaser was entitled only to return of his deposit.

BILL IN EQUITY, filed in the Superior Court on Septem-
ber 3, 1946, and afterwards amended.

The suit was heard by *Warner,* J.

In this court the case was submitted on briefs.

*E. S. Searle,* for the plaintiff.

*E. L. O'Brien,* for the defendants.

WILLIAMS, J.   This is an appeal by the plaintiff from a
final decree dismissing his bill for specific performance of
a written agreement to convey to him a farm, owned by
the defendant Adelphis Germain, in Belchertown.   The evi-
dence is not reported, but from the material facts found by
the trial judge it appears that the plaintiff and the defend-
ants, who are husband and wife, on January 26, 1946,
executed the following written agreement: "Belchertown,
Mass. Jan. 26, 1946   I, Adelphis Germain agrees to sell
and Holbrook Prescott agrees to buy my farm located in
Belchertown on the old Springfield Rd.   The purchase price
to be Four Thousand Dollars ($4000.00/100).   Mr. Ger-
main is to leave all sawed lumber about the place and the
Electric fence and controller complete.   The deed to be
delivered on or before the first day of June 1946.   Five
Hundred dollars to be paid this day to be applied on pur-
chase price.   Said deed to be free and clear of all encum-
brances or the deposit money to be returned to purchaser.

Mr. Prescott has permission to bring mink cages and equipment to be left on the property any time from this day. Taxes and insurance to be adjusted as of date of transfer. [signed] Adelphis Germain  Holbrook Prescott  Catherine Germain." Before the execution of this agreement the plaintiff had been told by the defendants of an outstanding mortgage on the property on which approximately $300 remained unpaid. In accordance with the terms of the agreement the plaintiff deposited with the defendants $500. Later the defendants informed the plaintiff that there was an old right of way across the farm to an adjoining wood lot which right of way had long been in disuse. "With the approach of June 1, 1946, the defendants tendered the plaintiff a deed, subject to the mortgage and to the right of way, together with all the sawed lumber, electric fence and controller. The plaintiff refused, demanding a deed 'free and clear.' The defendants tendered the $500 back, which the plaintiff refused to accept." The defendants again tendered the deed in the summer of 1946, and on its refusal again tendered the $500 which was again refused. The plaintiff brought the present bill on September 3, 1946. In May, 1948, the dwelling house on the property was destroyed by fire and the defendants collected the insurance and paid off the outstanding mortgage. In his original bill the plaintiff prayed for specific performance of the agreement with abatements because of the existing mortgage and right of way. Subsequently by amendment he asked for an additional abatement due to the destruction of the house. From the date of the contract to the time stipulated for its performance the premises in fact were encumbered by the mortgage and right of way.

The decision of the case depends on the correct interpretation of that term of the written contract which provides that the deed of the defendants is "to be free and clear of all encumbrances or the deposit money to be returned to purchaser." The case is governed by *Old Colony Trust Co.* v. *Chauncey*, 214 Mass. 271, and the line of cases following

that decision. See *Buckley* v. *Meer*, 251 Mass. 23; *Moskow* v. *Burke*, 255 Mass. 563; *Drapen* v. *Foley*, 258 Mass. 167; *Margolis* v. *Tarutz*, 265 Mass. 540; *Flier* v. *Rubin*, 321 Mass. 464; *Lucier* v. *Williams*, 323 Mass. 458. While it is not expressly provided, as in the above cited cases, that if the seller has not a good title to convey all obligations of the parties under the contract shall cease, such a cessation of obligation is clearly implied. By agreeing that the part of the purchase price already paid should be returned, the parties expressed their intention that, if the title was not clear on the date when the deed was to be delivered, their bargain should be at an end. In the case of *Dennett* v. *Norwood Housing Association, Inc.* 241 Mass. 516, relied upon by the plaintiff, the language of the contract was different from that in the instant case and raised the issue of the ability of the owner to clear his title. Here the ability of the sellers to clear the title is not material. *Buckley* v. *Meer*, 251 Mass. 23, 26. *Flier* v. *Rubin*, 321 Mass. 464, 467. As was said in the *Chauncey* case, "The defendants did not by their contract agree to extinguish or purchase the interests of others in the land, but only to convey by their own deed provided they were able to pass good title thereby. . . . [T]he tenor of the contract does not require the extinguishment of outstanding defects" (pages 273–274). As the defendants in the present case, through no fault of their own subsequent to the execution of the contract, had not an unencumbered title to convey on June 1, 1946, they were absolved from any obligation to convey under the contract and the subsequent burning of the house is of no materiality.

The plaintiff, however, is entitled to the return of his $500 deposit. The decree dismissing his bill is affirmed unless, on motion filed within thirty days from the date of the rescript, the plaintiff shall be allowed to amend his bill by adding a prayer that this sum be refunded to him by the defendants, in which case the decree is reversed and a decree is to be entered ordering the defendants to make such payment. The defendants shall be allowed the costs of this appeal.

*So ordered.*