## VIOLET M. WIDEBECK vs. GILBERT SULLIVAN.

Suffolk. November 9, 1950. — May 21, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, & COUNIHAN, JJ.

*Contract*, For sale of real estate, Performance and breach. *Equity Jurisdiction*, Specific performance, Retention of suit for assessment of damages. *Damages*, For breach of contract.

Under a contract for sale and purchase of real estate providing that a good and clear title "free from encumbrances" should be conveyed, that, if the seller should be unable to make such a conveyance, the time for performance should be extended for thirty days and he should "use reasonable efforts to remove any defect in title," and that, if "at the expiration of the extended time" he should "have used reasonable efforts and . . . [should] have failed so to remove," the purchaser's deposit should be repaid, "all other obligations" of the parties should "cease" and the contract should become void, the existence of mortgages and water liens encumbering the title at both the time of the making of the contract and the extended time for performance did not make operative in the seller's favor the provisions of the contract respecting repayment of the deposit, cessation of other obligations and voiding of the contract where it appeared that he had not used reasonable efforts to procure discharges of such encumbrances.

In a suit in equity for specific performance of a contract whereby the defendant agreed to sell and the plaintiff agreed to purchase real estate to be conveyed free of all encumbrances, or, in the alternative, for damages for the defendant's failure to perform the contract and for the amount of a deposit made by the plaintiff, a proper exercise of judicial discretion in the circumstances, including the existence of outstanding mortgages and water liens in an amount far in excess of the purchase price, required that specific performance be refused and that an award of damages be made to the plaintiff for the defendant's breach and for the amount of the deposit.

The measure of damages for refusal by the seller to perform a contract for sale and purchase of real estate was the difference between the purchase price and the value of the property at the time for performance.

BILL IN EQUITY, filed in the Superior Court on March 2, 1949, and afterwards amended.

The suit was heard by *Fairhurst*, J.

*J. B. Marcus,* for the plaintiff.

*L. J. Gilbride,* for the defendant, submitted a brief.

COUNIHAN, J.   This is a suit in equity seeking specific performance of an agreement in writing dated October 2, 1948, by which the defendant agreed to sell and the plaintiff agreed to buy, for the sum of $6,900, certain real estate at No. 198 Westville Street in the Dorchester district of Boston. The bill of complaint also sought damages, in lieu of specific performance, because of the failure of the defendant to perform his agreement and by amendment sought the return of the plaintiff's deposit of $500.

The judge entered a decree ordering the defendant to return the $500 and dismissing the bill.   From this decree the plaintiff appeals.   The evidence is reported and the judge made a report of material facts in which he incorporated by reference the facts found in his "Findings of Fact, Ruling of Law and Order for Decree."

His material findings are as follows: "2. The time for performance of the contract was extended by mutual agreement to December 1, 1948.   3. At the time of the execution of the agreement, and on December 1, 1948, the premises which were the subject matter of the agreement of sale were encumbered by (1) a $4,800 mortgage to the Home Savings Bank, dated Jan. 25, 1924, payable in 3 years with 6% interest (2) a second mortgage of $5,000 to Thomas Sullivan dated July 9, 1924, payable on demand with 6% interest (3) a third mortgage of $4,500 to Helen M. Sullivan dated June 26, 1946, payable in one year and recorded in the Suffolk Registry on Oct. 11, 1948, (4) 34 outstanding water liens.   4. Thomas Sullivan is the father, and Helen M. Sullivan is the sister of the respondent.   5. At the time of the execution of the agreement of sale, the respondent believed that his sister Helen would release and discharge her mortgage upon payment to her of the difference between the purchase price of $6,900 and the first mortgage. 6. Between October 2, 1948, and December 1, 1948, the respondent endeavored to persuade his sister to accept such a payment and give her mortgage discharge, but she

refused to do so. 7. On October 11, 1948, she, for her own protection, recorded her mortgage as well as the original deed from Harold V. Hayden to the petitioner [*sic*, defendant], which deed had been left with her by the petitioner [*sic*, defendant]. 8. Thomas Sullivan, the second mortgagee, some years ago died intestate, leaving several issue surviving him. 9. There has been no administration on the estate of Thomas Sullivan. 10. The respondent is willing to convey the premises subject to the encumbrances recited in these findings, but the petitioner is unwilling to accept the same and to pay the purchase price without deduction. 11. On December 1, 1948, without fault on the part of the respondent, the title to the premises was defective and the respondent was unable to give title or to make conveyance as stipulated in his agreement. 12. The respondent used reasonable effort to persuade his sister Helen to discharge her mortgage and was unsuccessful. 13. The respondent made no effort to secure release of the water liens or a discharge of the Thomas Sullivan mortgage. 14. The respondent has received from the petitioner the $500 down payment in accordance with the agreement of sale."

Where, as here, we have a transcript of the evidence and a report of material facts, the rule is that all questions of law, fact, and discretion are open for our determination. We are permitted to find facts for ourselves in addition to those found by the judge, and if satisfied that he was plainly wrong in making certain findings we may find facts contrary to such findings made by him. *Gordon* v. *O'Brien,* 320 Mass. 739, 740. This rule is so well established that further citations are unnecessary.

The agreement for purchase and sale is not in dispute. By its terms so far as here relevant the defendant agreed to convey said real estate to the plaintiff or her nominee "by a good and sufficient quitclaim deed running to the Buyer" and to "convey a good and clear record and marketable title to such property, free from encumbrances." It also contained the following provisions: "If the Seller shall be unable to give title or to make conveyance as above.

stipulated . . . then the Seller agrees to use reasonable efforts to remove any defect in title . . . and the time for the performance hereof shall be extended thirty days. In case at the expiration of the extended time the Seller shall have used reasonable efforts and shall have failed so to remove . . ., any payment made under this agreement shall be forthwith refunded and all other obligations of all parties hereto shall cease and this agreement shall be void without recourse to either party."

It is likewise undisputed that at the time of the execution of the agreement and on December 1, 1948, to which date the time for performance had been extended, the premises referred to in the agreement were encumbered as found by the judge in his findings.

We find that, at the time of the execution of the agreement, the defendant was the grantee named in an unrecorded deed from the record owner of these premises, and that in 1946 he delivered this deed to his sister Helen M. Sullivan, together with a note for $4,500 secured by a mortgage on the premises. After he signed the agreement he told his sister that he had sold the property for $6,900 and asked her to discharge her mortgage upon payment to her of $2,100, the difference between the first mortgage of $4,800 held by the Home Savings Bank and the purchase price of $6,900. She refused to accept his offer, and on October 11, 1948, recorded the deed to the defendant and her mortgage from the defendant.

Subsequent to the execution of the agreement the plaintiff made an arrangement with the Home Savings Bank whereby she was to assume the first mortgage which it held on the premises.

Thomas Sullivan, the father of the defendant, died several years before, leaving a widow and as his next of kin two others besides the defendant and Helen. No administration was ever taken out on his estate. No effort of any kind was made by the defendant to procure a discharge of the mortgage to Thomas Sullivan or to procure a discharge of the water liens.

Other than the offer of $2,100 to Helen M. Sullivan the only evidence of reasonable efforts to perfect the title was that the defendant endeavored to persuade her, in every way possible, to discharge her mortgage.

The defendant relies upon a line of cases beginning with *Old Colony Trust Co.* v. *Chauncey,* 214 Mass. 271, and continuing with *Buckley* v. *Meer,* 251 Mass. 23, *Flier* v. *Rubin,* 321 Mass. 464, *Lucier* v. *Williams,* 323 Mass. 458, and *Prescott* v. *Germain,* 326 Mass. 432, 434, all of which are distinguishable from the present case. See *Lafond* v. *Frame, ante,* 364. In the contract which is now before us for construction the obligation to convey is joined with the express agreement of the seller to use reasonable efforts to remove defects in title and it is only after the failure of such efforts that the provision relieving the seller of further obligations becomes operative, if at all. A clause of similar import was recently construed in *Ross & Roberts, Inc.* v. *Simon,* 326 Mass. 12, and while in that case it was held that the defendant had used reasonable efforts to obtain good title, what was said at pages 16–17 applies with equal force here.

We are of opinion that the evidence here does not justify the finding of the judge that the defendant used reasonable effort to persuade his sister Helen to discharge her mortgage. *Dennett* v. *Norwood Housing Association, Inc.* 241 Mass. 516, 521.

The judge also found that "On December 1, 1948, without fault on the part of the respondent, the title to the premises was defective and the respondent was unable to give title or to make conveyance as stipulated in his agreement." If this be a finding of fact it was error because the agreement called upon him to use reasonable efforts to remove any defect in title and the evidence does not support a conclusion that he did. If this finding amounts to a ruling as matter of law it was error also. *Dennett* v. *Norwood Housing Association, Inc.* 241 Mass. 516, 521. See *Lafond* v. *Frame, ante,* 364.

We are likewise of opinion that the agreement required the defendant to use reasonable efforts to discharge the Thomas Sullivan mortgage and the water liens as well as the Helen Sullivan mortgage.

The errors of the judge in his findings, together with his finding that the defendant made no effort to procure a discharge of the Thomas Sullivan mortgage and a release of the water liens, require that the decree be reversed.

Finally we consider the nature of the relief to be granted. In her bill the plaintiff seeks specific performance of the agreement or damages suffered by her because of breach of the agreement by the defendant. In her brief she argues that she be awarded damages if this court in the exercise of its discretion does not see fit to order specific performance. It has been often said that specific performance is not a matter of strict and absolute right but rests in sound judicial discretion. "Not want of power, but practical wisdom, stays the hand of the court." *McCormick* v. *Proprietors of the Cemetery of Mount Auburn*, 285 Mass. 548, 551. *Lonergan* v. *Highland Trust Co.* 287 Mass. 550, 559. We are of opinion that in view of all the circumstances of this case and in the exercise of sound judicial discretion specific performance ought not to be ordered but that the bill should be retained for damages. *Wentworth* v. *Manhattan Market Co.* 216 Mass. 374, 380. *Nickerson* v. *Bridges*, 216 Mass. 416, 421. *Brockton Olympia Realty Co.* v. *Lee*, 266 Mass. 550, 563.

Where there is a breach of a contract for the sale of real estate, the measure of damages is the difference between the value at the time the plaintiff was to have a conveyance of it and the price which he was then to pay. *Hallett* v. *Taylor*, 177 Mass. 6, 8–9.

The record here discloses no evidence as to the value of the real estate on December 1, 1948, the time when the conveyance was to have been made, so that we cannot ourselves determine what the damages should be.

The final decree is reversed. The case is remanded for further hearing on the question of damages which should include the deposit of $500 in accordance with this opinion.

After the plaintiff's damages have been assessed, a final decree is to be entered for the plaintiff for her damages, with costs, and refusing the prayer for specific performance.

*So ordered.*