*Southern District*

**LEONARD M. CARUSO,** et al

v.

**ROBERT W. PIERCE**

Argued: Feb. 22, 1972 - Decided: May 19, 1972

*Present:* Lee, J., (Presiding). Covett, J.

Case tried to *Prince, J.* in the District Court of East Norfolk, No. 65760.

**Covett, J.** This is an action in contract to recover a deposit of $3,000.00 given by the plaintiffs to the defendant as a deposit on the purchase of property owned by one defendant and located at 67 to 71 Summer Street, Malden, Massachusetts.

The plaintiffs' declaration contained four counts. Counts 1 and 2 were for money had and received and Counts 3 and 4 were for the recovery of a deposit made on a written contract. The defendant's answer contained a general denial, payment and the statute of limitations.

*There was evidence that* the plaintiffs were desirous of buying a building at 67-71 Summer Street, Malden, Massachusetts, and they made an offer to the defendant which was accepted. The plaintiffs then gave the defendant a deposit of $3,000.00. Papers were to be passed on or before December 31, 1970, with the notation that an extension of thirty days would be given by the seller if needed by the buyers for any reason. The purchase price was to be $32,500.00. The defendant appeared at the office of an attorney on January 29, 1971 for the purpose of passing papers. The plaintiffs, in

open court, agreed that they did not appear and that they did not take title to the said property. It was also agreed that the defendant kept the deposit and did not return it to the plaintiffs. The agreement was silent as to the disposition of the deposit on default by the buyers. The defendant subsequently sold the property to another party for $32,000.00.

The defendant seasonably submitted the following requests for rulings:

1. On the basis of all the pleadings a valid contract was entered into between the parties for the purchase of real estate owned by the defendant Trustee at 67-71 Summer Street, Malden, Massachusetts.

2. The defendant was at all times up to and including the date set for passing and its extension thereof, ready, able, and willing to deliver a deed to the premises, free of all encumbrances to the buyers.

3. The plaintiffs were notified of the time and place for the passing by registered mail.

4. The plaintiffs failed to appear or make any reasonable request for the extension of the time or the change in location of the place set for the closing.

5. As a result thereof, the plaintiffs breached their agreement with the defendant.

6. The plaintiffs, having breached their agreement, have no right to recover any of the deposit held by the seller.

7. In the event that this Honorable Court

should find it necessary that the defendant establish that he was damaged as a result of the plaintiffs' breach.

|  |  |  |
|---|---|---|
| (a) | The defendant suffered a loss on the eventual sale of the property amounting to $500.00. | $ 500.00 |
| (b) | The defendant suffered a loss in the use of the proceeds of the property in the sum of $730.00 based upon 9½% of $43,762.00, from January 29, 1971 through the date of sale ........... | $1,356.66 |
| (bb) | Loss in operation. .......... | 782.48 |
| (c) | The defendant incurred reasonable additional legal expenses in the sum of $500.00. ...... | 500.00 |

Total ........................... $3,139.14

The court allowed said requests for rulings numbered 1, 2, 3, 4, 5, 6, and 7A and denied requests 7B and 7C.

The plaintiffs seasonably submitted the following requests for rulings:

1. On all the evidence a finding for the plaintiffs is warranted.

2. On all the evidence a finding for the plaintiffs is required.

3. If the court finds that the plaintiffs filed a notice to admit facts to the defendant as provided by G.L. Chapter 231, Section 69 and that the plaintiffs further filed an affidavit of such notice, then any of the matters of which

an admission is demanded is deemed admitted unless within ten days the defendant filed a sworn statement either admitting or denying the facts.

4. The defendant's failure to answer the notice to admit facts, submitted by the plaintiffs is binding upon him in the pending proeeeding as to all of the facts contained in said notice. *Snowden* v. *Cheltenham,* 337 Mass. 295. *Imperiali* v. *Pica,* 338 Mass. 494.

5. Where real estate purchase and sale agreement contains no provisions for liquidated damages or other damages, the seller is not entitled to keep the deposit made by the buyer if the sale does not materialize for whatever reason.

The court allowed said requests for rulings numbered 3 & 4 and denied requests 1, 2, and 5.

The paintiffs claim to be aggrieved by the actions of the court in allowing the defendant's requests for rulings numbered 6 and 7A, the court's denial of its requests for rulings numbered 1 and 5, and the court's finding for the defendant.

The issue involved in this case is whether a seller of real estate, under a purchase and sale agreement which is silent as to liquidated damages, can retain a deposit when the original sale price is $32,500.00 and after breach by the buyers, sells the same property for $32,000.00 to another party.

We hold that the seller does have this right under these circumstances. Where the vendor is not in default, the purchasers are not entitled to the return of their deposits, as a general rule. *Berger* v. *Siegel,* 329 Mass. 74. *King* v. *Milliken,* 248 Mass. 460, 465. *Smith* v. *Greene,* 197 Mass. 16, 18. *Keefe* v. *Fairfield,* 184 Mass. 334. *Ketchum* v. *Evertson,* 13 Johns. (NN) 359. *Skookum Oil Co.* v. *Thomas,* 162 Cal. 539. *Hillyard* v. *Banchor,* 85 Kans. 516. *Grimes* v. *Goud,* (Maine) 10 Atl. Rep. 116.

The purchaser, by his breach of his contract to buy, forfeited the deposit that he made and could recover no part of it. *Macurdy* v. *Carver,* 328 Mass. 434, 435 and cases cited.

In the case of *King* v. *Milliken,* 248 Mass. 460, a deposit of $500.00 on a sale of land with personalty thereon for $8,000.00 was deemed forfeited by the defaulting buyer. The court held that the subsequent lease by the seller did not constitute a rescission of the contract by the seller which would give the purchaser a right to restitution. The court adopted the rule cited in the cases of *Ketchum* v. *Evertson,* 13 Johns. (NY) 359, 365 and *Sanders* v. *Brock,* 230 Penn. St. 609, 615 which states "The plaintiffs renounced the contract, and peremtorily refused to fulfill it; it was in vain, therefore, to keep the land for them. The plaintiffs cannot, by their own wrongful act, impose upon the defendant the necessity of retaining property which his exigencies may require him to

sell." See comment in *Corbin on Contracts*, Volume 5A, Section 1131 n. 70.

Where the plaintiff's deposit amounted to only 9% of the purchase price, we hold that the plaintiff has no right to its restitution in case of his own later breach. We do not consider the amount to be excessive in comparison with the entirt contract price. *Corbin on Contracts*, Volume 5A, Section 1132.

Defaulting purchasers were denied recovery of $2,000 deposits on sales of $7,900.00 and $8,000.00. *LaVallee v. Cataldo*, 343 Mass. 332 and *Beck v. Doore*, 319 Mass. 707.

The plaintiff cites the case of *Widebeck v. Sullivan*, 327 Mass. 429, for the proposition that upon breach of a contract by a buyer for the purchase of real estate, the measure of damages is the difference between the value at the time the buyer was to purchase it and the value of the property at a subsequent sale made by the seller.

Nowhere in the *Widebeck* case do we find this proposition stated. In the *Widebeck* case, the issue was whether the plaintiff-buyer or vendee should be granted specific performance or damages for the defendant-seller's or vendor's breach. The correct statement of the law cited in the *Widebeck* case at page 434 is, "Where there is a breach of a contract for the sale of real estate, the measure of damages is the difference between the value at the time the plaintiff was to have a conveyance of it

and the price which he was then to pay. *Hallett v. Taylor,* 177 Mass. 6, 8-9.'' In the *Hallett* case, the plaintiff was a buyer seeking damages for the defendant's-seller's failure to make the deed as he had agreed to make it.

The plaintiff has also cited a number of cases holding that a party aggrieved by breach of contract is entitled to be put in the same position he would have been in had the defaulting party performed but that it would be against the policy of our law to put the injured party in a better position. However, these cases are all distinguishable in that while they involve contracts respectively for services of a painter, *Bucholz v. Green Bros. Co.,* 272 Mass. 49; for a collateral agreement to repair leaks, *Goldman v. Mahoney,* 354 Mass. 705; for installation of a heating and cooling system, *Ficara v. Belleau,* 331 Mass. 80; for services of a tree surgeon, *F. A. Barlett Tree Expert Company v. Clyde C. Hartney et al,* 308 Mass. 407; for license to use a trade name, *Associated Perfumers, Inc. v. Andelman,* 316 Mass. 177; for manufacture and delivery of component parts, *Abrams v. Reynolds Metals Co.,* 340 Mass. 704; and for the construction of houses, *Carrig v. Gilbert-Varker Corp.,* 314 Mass. 356; none of these cases involved a breach by a purchaser of a purchase and sale agreement from which the aggrieved vendor could have brought an action for specific performance or damages.

A contract for the sale of realty is so unique

that a vendor is regularly granted specific performance unless some ground for denying it exists in the particular case. *Olszewski* v. *Sardyniski,* 316 Mass. 715, 718. See also *Park, Conveyancing,* 28 MPS section 675 which states, ''In the absence of any provisions for damages for failure to comply with a purchase and sale contract, either buyer or seller may bring an action for specific performance. Or either may bring an action at law for damages for the breach.'' But in this case it is not the vendor who brought this action. Rather he elected to retain the deposit instead of bringing an action for specific performance or for damages resulting from the breach. We would hold that the buyer is then protected from any further liability under the agreement to purchase. *Park, On Conveyancing,* 28 MPS section 675 at page 711.

It is the general practice for a trial judge to indicate that the requests for rulings filed by the prevailing party are deemed waived or withdrawn. *Bangs* v. *Farr,* 209 Mass. 339, 344. *Brantley* v. *Curtis Transmission Co.,* 30 Mass. App. Dec. 9, 10, 11. In this case, the trial judge ruled on the requests of both parties.

The trial judge properly denied plaintiffs' request numbered 1 as it lacks the specifications required by Rule 27 District Court Rules, (1965) as amended. *Okin* v. *Sullivan,* 307 Mass. 227.

Denial of the plaintiffs' request numbered 5 was proper as it was an incorrect statement

of law. See 31 ALR2d 8, 96, 97 "Vendor's Recovery of Purchase Money" citing *Kenniston* v. *Blake,* 121 Mass. 552. *Smith* v. *Greene,* 197 Mass. 16. *King* v. *Milliken,* 240 Mass. 460. *Chertok* v. *Kassabian,* 255 Mass. 265. *Beck* v. *Doore,* 319 Mass. 707, and *Macurdy* v. *Carver,* 328 Mass. 434.

The allowance of the defendant's requests numbered 6 and 7A was proper.

There being no prejudicial error, **the report is ordered dismissed.**

LEONARD K. MILLEN
for Plaintiffs

DONALD O'CALLAGHAN
for Defendant