Wayne H. BRAITHWAITE and Elizabeth F. Braithwaite, Plaintiffs and Appellants,

v.

E. Mayo SORENSEN et al., Defendants and Respondents.

No. 14691.

Supreme Court of Utah.

March 21, 1977.

Keith E. Murray, Ogden, for appellants.

Louis G. Tervort, Manti, Ken Chamberlain, of Olsen & Chamberlain, Richfield, for respondents.

MAUGHAN, Justice.

From a judgment in favor of defendants, sellers; plaintiffs, buyers, appeal. We affirm. No costs awarded.

On May 9, 1973, the parties entered into a written contract for the sale and purchase of property. The purchase price was $900. Buyers paid $200 to sellers, the remaining $700 was deposited in a time deposit account, in escrow, with the First State Bank. Defendants executed a warranty deed which was also placed in escrow. The parties agreed the money and deed were to remain in escrow, "until a release of the Federal Tax Lien No. 87654–079–196–0471 is filed with the County Recorder of Sanpete County, and evidence of same is in the present escrow, at which time they can release the $700 to sellers and the Warranty Deed to the buyers."

It was further agreed:

Should such release of a Federal Tax Lien not be filed with the County Recorder within three years from the date of this Agreement, the bank as escrow shall return the $700 to the Buyers and the other papers to the Sellers, and both parties shall be released from all obligations in connection with their agreement herein.

It is this provision which is dispositive of this appeal.

In their complaint buyers alleged the United States Government had agreed to accept $900 in full satisfaction of the lien against the property. It was their claim sellers should return the $200 down payment, or pay it to the government; and defendants should pay the balance owing to

the government. Buyers prayed the court order the deed delivered to them. Subsequently, buyers filed an offer of settlement, wherein they offered to pay to the escrow agent, the difference between the amount on deposit and the $900. The escrow agent, according to the offer, was to pay the government and deliver the deed to plaintiffs.

The trial court ruled that plaintiffs had failed to conform with the second paragraph of paragraph 2 of the agreement (this is the paragraph quoted in this opinion). Judgment was rendered in favor of sellers, who were ordered to return the $200 down payment. The bank was directed to return the papers in escrow to defendants.

Under the express terms of the contract, a condition precedent to performance was the release of the tax lien. If this contingency did not occur in three years, the escrow agent would redeliver the money and papers, and the parties would be released of all obligations under the contract. Sellers did not agree to extinguish or to satisfy the government's lien.[1]

This matter is similar to *Old Colony Trust Co. v. Chauncey*.[2] The contract there provided that if the vendor should be unable to give title or to make conveyance as stipulated, any payment made under the agreement would be refunded, and all obligations would cease; the agreement would be void, without recourse to either party. At time for performance there was a defect in the title.

The court pointed out it was not a case of tender by the plaintiff and a refusal to convey by defendants. It observed the contract was not an absolute and unqualified agreement by one party to sell and the other to buy real estate, with a good and sufficient title. The contract contained a stipulation which governed the rights of the parties, in the event defendants should be unable to give good title.

The court stated:

. . . The language is plain and unequivocal. It does not make the duties and responsibilities of either party in that event depend upon the option of the other, but by apt language puts an end to the binding force of the contract as respects either party. . . . The complete answer is that the tenor of the contract does not require the extinguishment of outstanding defects.

. . . Its express terms provide for its termination if the owners of the land are unable according to their rights at its date to convey a good title. When parties have provided definitely for the determination of their rights upon the happening of a given contingency, there is no reason why their agreement should not be enforced.[3]

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

1. Sellers asserted before the trial court the government had erroneously imposed the lien on their property. The lien arose out of the liability of a corporation for employee's withholding taxes. Defendants had disassociated themselves from the corporation prior to this occurrence, and defendants insisted vigorously they were not personally liable for the default of the corporation. The three year grace period in the contract was to determine whether the corporation would pay the taxes or the government would realize its error and release the lien.

2. 214 Mass. 271, 101 N.E. 423 (1913).

3. At p. 424 of 101 N.E.